IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MESHA D. TAYLOR,

      Plaintiff,

v.                                              Case 2:11-cv-02843-cgc

WEST TENNESSEE STATE
PENITENTIARY,

      Defendant.

## ORDER GRANTING MOTION TO STRIKE

Before the Court is Defendant West Tennessee State Penitentiary's Motion to Strike (Docket Entry "D.E." #45).[1] Defendant asserts that, following Plaintiff's October 4, 2013 deposition, she elected to review the transcript pursuant to Rule 30(e) of the Federal Rules of Civil Procedure. On December 2, 2013, Defendant claims that it "received a signed errata sheet with five pages of substantive changes, some of which directly contradict Plaintiff's sworn testimony." Defendant's motion details the alleged substance of portions of the deposition transcript and Plaintiff's errata sheet, both of which have also been filed as exhibits to Defendant's Motion for Summary Judgment (D.E. #44). Two of Defendant's examples include Plaintiff desire to change answers in her deposition transcript from "Yes" to "No" and vice versa and to add further substantive changes to her testimony.

---

[1] By consent of the parties, the Magistrate Judge is the Presiding Judge in the instant case. (D.E. #41).

1

Plaintiff does not dispute that she made the alleged changes on her errata sheet as Defendant claims but responds that she had a good-faith belief that she could make these changes to the deposition transcript. Plaintiff states that, at the time of the deposition, she did not understand some of the questioning "but got a better understanding of the question after looking over the deposition in the privacy of her home and made the proper changes . . . ." Plaintiff alleges that her confusion was due to not having a copy of her complaint to review at her deposition, which resulted in a "misstatement from an inaccurate recollection . . . ."

Rule 30(e) of the Federal Rules of Civil Procedure allows a deponent or party, on request before the deposition is completed, to be allowed thirty days after being notified that the transcript or recording is available in which to review the transcript or recording and, "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e). Although the United States Courts of Appeals are in disagreement on the question of the scope of alterations to deposition transcripts pursuant to Rule 30(e), *see E.E.O.C. v. Skanska USA Bldg., Inc.*, 278 F.R.D. 407, 410-412 (W.D.Tenn. 2012) (citing cases), this Court noted in *Skanska* that the United States Court of Appeals for the Sixth Circuit is the "[o]ne court of appeals [that] permits a deponent to correct only typographic and transcription errors," *Id*. at 410 (quoting *Devon Energy Corp. v. Westacott*, No. H-09-1689, 2011 WL 1157334, at *5 (S.D. Tex. Mar. 24, 2011)).

Both the *Skanska* and *Devon Energy* courts determined that the Sixth Circuit has elected to adhere to this narrow reading of Rule 30(e) from its analysis in *Trout v. FirstEnergy Generation Corp.*, 339 Fed. Appx. 560, 565-66 (6th Cir. 2009), in which the court noted that "Rule 30(e) does not allow one to alter what was said under oath." *Id*. at 565 (quoting *Tuttle v. Tyco Elecs.*

2

*Installation Servs., Inc.*, No. 2:06-cv-581, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008)). The *Trout* court reasoned that, "[i]f that were the case, one could merely answer the questions with no thought at all[], then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination." *Trout*, 339 Fed. Appx. at 565 (quoting *Tuttle*, 2008 WL 343178 at *4).

The *Skanska* court additionally found the reasoning of two United States District Courts to be "particularly persuasive" when determining that this narrow interpretation of Rule 30(e) was appropriate. 278 F.R.D. at 411. In *Greenway v. International Paper Co.*, 144 F.R.D. 322 (W.D. La. 1992), the court reasoned as follows:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath.

*Id*. at 325.

In *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 277 F.R.D. 286 (E.D. Va. 2011), the court likewise stated as follows:

> The purpose of a deposition is to memorialize testimony or to obtain information that can be used at trial or that eliminates the pursuit of issues or that inform decisions as to the future course of the litigation. One of the main purposes of the discovery rules, and the deposition rules in particular, is to elicit the facts before the trial and to memorialize witness testimony before the recollection of events fade . . . . Those purposes are disserved by allowing deponents to "answer questions [at a deposition] with no thought at all" and to later craft answers that better serve the deponent's cause. Indeed, to allow such conduct makes a mockery of the serious and important role that depositions play in the litigation process.

*Id*. at 297.

In response to these authorities, Plaintiff states that "[s]ome courts" have invoked

3

*Greenway*'s language in agreeing that Rule 30(e) must have "some limitations" but have crafted a "middle-of-the-road approach" allowing substantive changes that clarify and explain a deponent's answers. Plaintiff further relies upon *DeLoach v. Philip Morris Cos., Inc.*, 206 F.R.D. 568, 572-73 (M.D. N.C. 2002) and *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981) for the premise that a deponent can make substantive alterations of deposition testimony on an errata sheet. However, as this Court well summarized in *Skanska*, despite the variety of approaches within the United States Courts of Appeals and the United States District Courts on this issue, the United States Court of Appeals for the Sixth Circuit has adopted a narrow reading of Rule 30(e) that does not permit such alterations. This interpretation is binding upon this Court. Accordingly, Defendant's Motion to Strike Plaintiff's errata sheet to her deposition is hereby GRANTED.

**IT IS SO ORDERED** this 16th day of May, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE